UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALLIED WASTE NORTH AMERICA, LLC AND 623 LANDFILL, INC., <br><br> PLAINTIFF, <br><br> v. <br><br> INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 25, THOMAS G. MARI, INDIVIDUALLY AND AS PRESIDENT, STEVEN J. SOUTH, AS SECRETARY-TREASURER, JOAN C. COREY, AS VICE PRESIDENT/ BUSINESS AGENT, PETER S. BERRY, AS RECORDING SECRETARY, MILTON DEPINA, INDIVIDUALLY AND AS UNION REPRESENTATIVE, NICO CATANO, INDIVIDUALLY AND AS UNION TRUSTEE, DAVID SMITH, INDIVIDUALLY AND AS UNION REPRESENTATIVE, AND ERIC LOGAN, INDIVIDUALLY AND AS UNION REPRESENTATIVE, BRIAN J. HATCH, INDIVIDUALLY AND AS BUSINESS AGENT, <br><br> And <br><br> JOHN DOES 1-100; and all others conspiring, acting in concert, or otherwise participating with them or acting in their aid or behalf, <br><br> DEFENDANTS. | CIVIL ACTION NO. |

## EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Federal Rule of Civil Procedure 65a and 65b, Plaintiffs Allied Waste North

America, LLC and 623 Landfill, Inc. (collectively "Plaintiffs") seek the entry of a temporary

1

restraining order ("TRO") and preliminary injunction to prevent Defendants from continuing to engage in wrongful conduct, in the form attached hereto as Exhibits 1 and 2. As detailed in the contemporaneously filed Verified Complaint, this Motion is made on the grounds that:

1.    Defendants are engaging in violent and unlawful intimidation and coercion;

2.    Defendants are making threats of physical harm and sexual assault;

3.    Defendants are engaged in trespass, blocking the ingress and egress to Plaintiffs' facilities and halting operations;

4.    Defendants have engaged in theft and severe acts of vandalism damaging property;

5.    Defendants have engaged in vulgar harassment and discrimination towards Plaintiffs' employees; and

6.    Defendants have engaged in negligent and reckless driving, endangering Plaintiffs' drivers and the general public.

Urgent and emergency relief is needed to stop Defendants' unlawful strike activities. By way of example, just yesterday, on July 10, 2025, Plaintiffs' large, blue roll-off waste collection truck was stolen from a Roxbury yard. This theft of a $200,000+ trash collection vehicle follows closely on the heels of Defendants' continuing violent strike activities and other unlawful trespass/blocking/intimidation conduct described more fully in Plaintiffs' Memorandum of Law in Support of its Motion for Temporary Restraining Order and Preliminary Injunction, and in their Verified Complaint. As detailed therein, the police cannot or will not act. Plaintiffs urgently need the Court's help.

The Court should immediately issue a temporary restraining order and schedule a hearing as soon as possible to preliminarily enjoin Defendants' wrongful conduct. Injunctive relief is

appropriate because: 1) Plaintiffs are likely to succeed on the merits of their claims; 2) the Norris-LaGuardia Act does not bar an injunction prohibiting Local 25s unlawful and coercive conduct; 3) Plaintiffs are suffering, and will continue to suffer, irreparable harm and have no adequate remedy at law; 4) the benefit to Plaintiffs of the injunction outweighs the detriment to the Defendants; and 5) law enforcement has been unable to devote sufficient resources to control the Defendants' violent attacks.  Federal labor law does not preempt Defendants' unlawful and criminal conduct.

Furthermore, Plaintiffs are in need of immediate injunctive relief to protect the safety of their property, employees and the public, ensure the continuity of their business operations, and maintain the public health and welfare.  Not only are Defendants, and those acting in concert with them, creating untold public safety hazards due to their acts of ambushing and vandalizing moving vehicles and reckless driving to endanger Republic employes and others, they are jeopardizing public health and safety by making it impossible through their trespass and blocking for Plaintiffs to collect, remove, and dispose of waste.

In support of their Motion, Plaintiffs submit their Memorandum of Law and numerous supporting affidavits attesting to the Defendants' conduct.

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), I, the undersigned counsel for Plaintiffs, hereby certifies that I have complied in good faith with the requirements of Fed. R. C. P. 65(b) for securing a temporary restraining order and submitted the required affidavit, attached as Exhibit 3, demonstrating attempts to provide notice to Local 25's counsel, Michael Feinberg, Esq. and the individually named defendants.

## REQUEST FOR HEARING

Plaintiffs respectfully request a hearing at the Court's on an expedited basis.

3

Respectfully submitted,

**ALLIED WASTE NORTH AMERICA, LLC AND 623 LANDFILL, INC.,**

By their Attorneys,


*/s/ Jillian S. Folger-Hartwell*
Jillian S. Folger-Hartwell (BBO#658240)
LITTLER MENDELSON P.C.
One Financial Plaza, Suite 2205
Providence, RI 02903
Telephone: 401.824.2500
Facsimile: 401.454.2969
jfolgerhartwell@littler.com

Ellen E. Lemire (BBO#670994)
LITTLER MENDELSON P.C.
One International Place, Suite 2700
Boston, MA 02110
Telephone: 617.378.6000
Facsimile: 617.737.0052

Dated:  July 14, 2025                    elemire@littler.com

## CERTIFICATE OF SERVICE

I, Jillian S. Folger-Hartwell, hereby certify that, on this 14th day of July, 2025, a true

copy of the foregoing document was served on the below via email as follows:

Michael Feinberg, Esq.
Feinberg, Dumont & Brennan
177 Milk Street – Suite 300
Boston, Massachusetts 02109
617-338-1976
617-338-7070 (fax)
maf@fdb-law.com

Mr. Thomas Mari
President/Principal Officer
Teamsters Local 25
544 Main Street
Boston, Massachusetts 02129
tmari@teamsterslocal25.com


                                        */s/ Jillian S. Folger Hartwell*
                                        Jillian S. Folger-Hartwell


4