UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ALLIED WASTE NORTH AMERICA, LLC AND 623 LANDFILL, INC., | ) ) ) ) | |
| PLAINTIFFS, | ) ) | |
| V. | ) ) | |
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 25, THOMAS G. MARI, INDIVIDUALLY AND AS PRESIDENT, STEVEN J. SOUTH, AS SECRETARY-TREASURER, JOAN C. COREY, AS VICE PRESIDENT/ BUSINESS AGENT, PETER S. BERRY, AS RECORDING SECRETARY, MILTON DEPINA, INDIVIDUALLY AND AS UNION REPRESENTATIVE, NICO CATANO, INDIVIDUALLY AND AS UNION TRUSTEE, DAVID SMITH, INDIVIDUALLY AND AS UNION REPRESENTATIVE, ERIC LOGAN, INDIVIDUALLY AND AS UNION REPRESENTATIVE, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 1:25-cv-11990-BEM |
| AND | ) ) | |
| JOHN DOES 1-100; AND ALL OTHERS CONSPIRING, ACTING IN CONCERT, OR OTHERWISE PARTICIPATING WITH THEM OR ACTING IN THEIR AID OR BEHALF, | ) ) ) ) ) | |
| DEFENDANTS. | ) ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER REGARDING THE SCOPE OF PRELIMINARY INJUNCTION HEARING**

Pursuant to Fed. R. Civ. P. 60(b) and the Norris-LaGuardia Act, 29 U.S.C. §§ 107 and 113, Plaintiffs Allied Waste North America, LLC and 623 Landfill, Inc. ("Plaintiffs") respectfully request that this Honorable Court reconsider its July 21, 2025 decision during the hearing (the "July 21 Decision") limiting the scope of testimony Plaintiffs may present in support of their Motion for Preliminary Injunction. Should the Court grant this request, Plaintiffs request that the hearing be scheduled to continue, day-to-day, as the Court's schedule allows, until all testimony has been

1

completed.[1]  Plaintiffs request that the Court allow them to present a full picture of Defendants' unlawful picketing activity, without limitation, because testimony of witnesses in open court is required under the Norris-LaGuardia Act, 29 U.S.C. §§ 107 and 113 prior to issuance of a preliminary injunction, and because from July 1, 2025 through the present, Defendants have been engaged in an ongoing and escalating pattern of unlawful conduct that cannot be fully assessed based on summaries in written affidavits.

## I.    BACKGROUND

Plaintiffs incorporate by reference their Memorandum of Law and numerous supporting affidavits previously submitted to the Court (ECF Nos. 3-28).

On July 21, 2025, after hearing argument from counsel, the Court denied Plaintiffs' request for a Temporary Restraining Order and indicated an intention to limit any witness testimony during a Preliminary Injunction hearing to only non-cumulative witness testimony that did not appear in Plaintiffs' previously submitted affidavits.  *See* Tr. of 7/21/25 Hearing, at 32.

## II.    DISCUSSION

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.   "The Federal Rules grant broad authority to the district court to determine" whether to reconsider an order. *Valley Citizens for a Safe Environment v. Aldridge*, 969 F.2d 1315, 1317 (1st Cir. 1992)).  Further, "[b]ecause Rule 60(b)(6) is a catch-all provision, its contours are peculiarly malleable. Thus, hard-and-fast rules generally are not compatible with Rule 60(b)(6) determinations." *Ungar v. Palestine Liberation Org.*, 599 F. 3d 79 (1st Cir. 2010).  Relief from the July 21 Decision is warranted on two fronts.

Since the strike began on July 1, 2025, Defendants have engaged in an ongoing pattern of unlawful conduct, including threats of violence, actual physical violence, sabotage, vandalism, illegal

---

[1] In Plaintiffs' email to the court clerk on July 23 counsel requested two days of hearing.  Additional days may be needed should the Court grant the instant motion.

blocking of trucks and blocking of ingress and egress of Plaintiffs' facilities.   This conduct has continued and has not abated, but has escalated.   *A serious incident occurred this morning at the Revere facility*.   Multiple original affiants have experienced ongoing incidents, beyond those described in their affidavits, involving Defendants.   The fact that the conduct is ongoing and is happening to multiple witnesses is relevant to the widespread and repeating nature of the conduct, which speaks directly to Plaintiffs' loss of goodwill in the community and among its customers, an element that solidly proves irreparable harm.

Second, the Norris-LaGuardia Act requires testimony of witnesses in open court, including the opportunity for cross-examination, prior to the issuance of injunctive relief.   *See* 29 U.S.C. § 107 ("No court of the United States shall have jurisdiction to issue a temporary or permanent injunction in any case involving or growing out of a labor dispute, as defined in this chapter, except after hearing the testimony of witnesses in open court (with opportunity for cross-examination)").   Plaintiffs should have the full and free opportunity to present any evidence they choose, within permissible boundaries, to support their requested relief.   Indeed, Courts have consistently held that strict compliance with the procedural requirements of the Norris-LaGuardia Act is mandatory, and appellate courts have regularly reversed district courts which issued injunctions without holding evidentiary hearings.  See *Tejidos De Coamo, Inc. v. ILGWU*, 22 F.2d 8, 14 (1st Cir. 1994); *United Tel. Workers, AFL-CIO v. W. Union Corp.*, 771 F.2d 699, 704 (3d Cir. 1985); *International Union, United Automobile Workers v. LaSalle Machine Tool, Inc.*, 696 F. 2d 452, 455, 457-58 (6th Cir. 1982); *Pan American World Airlines v. Flight Engineers Int'l Ass'n.*, F.2d 840, 842 (2d Cir. 1962); *R.G. Johnson v. Marchiando*, 184 F. 2d 377, 379, 382 (7th Cir. 1950); and *Northern Stevedoring and Handling Corp. v. Int'l Longshoremen's and Warehousemen's Union*, 685 F.2d 344, 350 (9th Cir. 1982).   Moreover, and especially where, as here, Defendants dispute the events at issue, the nature of live testimony brings real context to the events.   In addition, live testimony on all issues provides Defendants with the ability to cross examine witnesses.

3

Full testimony is required and proper to allow the Court to issue an injunction pursuant to 29 U.S.C. § 107.

## III.   CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that this Court reconsider the scope of the July 21 Decision and allow Plaintiffs to present full witness testimony in support of their Preliminary Injunction.

Respectfully submitted,

**ALLIED WASTE NORTH AMERICA, LLC AND 623 LANDFILL, INC.,**

By their Attorneys,

*/s/ Jillian S. Folger-Hartwell*
Jillian S. Folger-Hartwell (BBO#658240)
LITTLER MENDELSON P.C.
One Financial Plaza, Suite 2205
Providence, RI 02903
Telephone: 401.824.2500
Facsimile: 401.454.2969
jfolgerhartwell@littler.com

Ellen E. Lemire (BBO#670994)
LITTLER MENDELSON P.C.
One International Place, Suite 2700
Boston, MA 02110
Telephone: 617.378.6000
Facsimile: 617.737.0052
elemire@littler.com

Dated:  July 23, 2025

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of July, a true copy of the foregoing document was filed electronically through the Court's CM/ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing.

*/s/ Jillian S. Folger-Hartwell*
Jillian S. Folger-Hartwell