UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALLIED WASTE NORTH AMERICA, LLC AND 623 LANDFILL, INC.,<br><br>PLAINTIFFS,<br><br>V.<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 25, THOMAS G. MARI, INDIVIDUALLY AND AS PRESIDENT, STEVEN J. SOUTH, AS SECRETARY-TREASURER, JOAN C. COREY, AS VICE PRESIDENT/ BUSINESS AGENT, PETER S. BERRY, AS RECORDING SECRETARY, MILTON DEPINA, INDIVIDUALLY AND AS UNION REPRESENTATIVE, NICO CATANO, INDIVIDUALLY AND AS UNION TRUSTEE, DAVID SMITH, INDIVIDUALLY AND AS UNION REPRESENTATIVE, ERIC LOGAN, INDIVIDUALLY AND AS UNION REPRESENTATIVE,<br><br>AND<br><br>JOHN DOES 1-100; AND ALL OTHERS CONSPIRING, ACTING IN CONCERT, OR OTHERWISE PARTICIPATING WITH THEM OR ACTING IN THEIR AID OR BEHALF,<br><br>DEFENDANTS. | CIVIL ACTION NO. 1:25-cv-11990-BEM |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs Allied Waste North America, LLC and 623 Landfill, Inc. (collectively "Plaintiffs") hereby submit this reply in support of their Motion for Temporary Restraining Order and Motion for Preliminary Injunction. (Doc No. 3.) The conduct submitted via affidavits attached to Plaintiffs' motion, viewed in light of clear legal precedent, demonstrate that an injunction is proper and necessary to stop Defendant International Brotherhood of Teamsters, Local 25 ("Local 25"), and other named defendants (collectively "Defendants"), from continued, unlawful, non-peaceable, picket line conduct. New incidents of physical assault and police acquiesce to the Union's unlawful conduct have arisen,

1

warranting immediate relief. There is no question that Defendants' conduct, as outlined in the submitted affidavits, is unlawful, enjoinable, and has caused and will continue to cause irreparable harm to Plaintiffs. The police are unable or unwilling to control the unlawful conduct. Both the facts and the law support the requested, and much needed, injunction.

I.     **DISCUSSION**

Blocking of ingress and egress, *for any amount of time*, is unlawful and must be enjoined. *See District 30, United Mine Workers of Am. v. NLRB*, 819 F.2d 651, 655 (6th Cir. 1987); *Charles D. Bonanno Linen Serv. v. McCarthy*, 532 F.2d 189, 190 (1st Cir. 1976); *PG Publ'g Co., Inc. v. Pittsburgh Typographical Union #7 (CWA Loc. 14827)*, 2023 PA Super 225, 304 A.3d 1227, 1237 (2023), appeal denied sub nom. *PG Publ'g Co., Inc. v. Pittsburgh Typographical Union #7*, 315 A.3d 835 (Pa. 2024); *Dist. 1199E, Nat'l Union of Hosp. & Health Care Emps. v. Johns Hopkins Hosp.*, 444 A.2d 448, 451 (Md. 1982); *Verizon New England, Inc. v. Sys. Council T-6*, No. 11-2936, 2011 WL 5168660, at *7 (Mass. Super. Aug. 19, 2011). Temporary blockage, when frequent and sustained, is unlawful. "Many short blockages can be as disruptive as one major blockage. [An] . . . existing pattern of short but frequent blockages is not *de minimus*." *Bloedorn v. Drivers, Salesmen, Local 695*, No. 89-C-0539-C, 1989 U.S. Dist. LEXIS 15999, at *14-15 (W.D. Wis. June 23, 1989) (six isolated instances of blocking trucks for two to three minutes enjoined); *see also Wilkes-Barre Indep. Co. v. Newspaper Guild Loc. No. 120*, 455 Pa. 287, 290, 314 A.2d 251, 253 (1974) (15-minute blocking constitutes seizure of property warranting injunction). Here, on various dates between July 1 and present, Defendants have repeatedly and continuously blocked ingress and egress to/from Republic facilities, and blocked trucks while out on route in the communities. Hours-long blockage occurred at Revere on July 1 and at Roxbury on July 7. On a continuing basis, each Republic truck is blocked at Roxbury for at least 13 minutes before exiting the facility, and another 13 minutes before re-entering the facility (a total of 26 minutes), at Peabody facilities at least 7 minutes before exiting, in Holbrook at least 7 minutes before exiting, and in Revere at least
2

15 minutes before exiting, and another 15 minutes before re-entering.[1] A 15, 13, or 7-minute wait time "per vehicle" also does not account for the fact that trucks are lined up ready to pull out of a facility, and must wait for each of the trucks ahead of them to wait, and then must wait themselves. For example, when 8 trucks are in line ready to pull out of Revere, that results in a wait time of over 2 hours for the last truck to exit. As recently as July 22, 2025, Plaintiffs asked police to reduce wait times, *but police conferred with Local 25 and decided to continue to deny Republic access to its property*.[2]

Physical assault is *always* unlawful strike activity that must be enjoined. *See, e.g., Youngdahl v. Rainfair,* 355 U.S. 131, 139 (1957); *Suffolk Constr. v. Local 67, United Bhd. of Carpenters & Joiners*, 736 F. Supp. 1179, 1183 (D. Mass. 1990); *Reed Nat'l Corp. v. Local No. 430, Int'l Union, UAW*, 1981 U.S. Dist. LEXIS 13286, at *10 (D. Mass. July 16, 1981); *United Parcel Serv., Inc. v. Loc. 25 of Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am. (Loc. 25)*, 421 F. Supp. 452, 458-59 (D. Mass. 1976); *E. Middlesex Press Publs v. Bos. Typographical Union No. 13*, 1995 Mass. Super. LEXIS 502, at *12-13 (Mass. Super. June 7, 1995). This includes spitting on employees, *Reed Nat'l Corp.*, 1981 U.S. Dist. LEXIS 13286, at *6, and spraying them with window cleaner, *see United Parcel Serv.*, 421 F. Supp. at 456. Mark Niboh was physically assaulted when he was spit upon, (Niboh ¶ 8), driver Louis Chammoro was sprayed with window cleaner, (Chammoro ¶ 8), and multiple drivers were physically "body blocked" on July 23, 2025.[3]

Where union officials are present on a picket line and do not attempt to stop picketers' illegal acts, the union has ratified the conduct and an injunction is proper. *Univar, USA, Inc. v. Teamsters Union Local 251*, 98 F. App'x 21, 23 (1st Cir. 2004). The illegal actions by individuals who hold Local 25 leadership positions are outlined, in detail, in the affidavits submitted in support

---

[1] These wait times are, in practice, longer than the above times.
[2] Testimony can, and will, be provided on this July 22, 2025 incident.

3

of Plaintiffs' motion. (Reece Aff. ¶¶ 4, 7, 9; Lavery Aff. ¶¶ 17, 19; Mitchell Aff. ¶ 5). Residential pick up in Canton is currently being blocked 2 minutes, per tote, on side streets. These actions include both direct participation in unlawful acts and a failure to attempt to dissuade the pickets from such conduct.

Where, as here, police officers are present during unlawful intimidation of non-striking workers, but are unable to stop the harassment, an injunction is warranted. *Reed Nat'l Corp.*, 1981 U.S. Dist. LEXIS 13286, at *10 (police limited their involvement to keeping a clear path for ingress and egress, and make no visible effort to avert injury to property). Moreover, where, as here, police are cooperating with the Union to deny Republic access to its property, there can be no doubt that law enforcement is unable or unwilling to control the unlawful picket.

Loss of business is irreparable harm. *Reed*, 1981 U.S. Dist. LEXIS 13286, at *8; *see Suffolk Const. Co.*, 736 F. Supp. at 1183 ("continued violence is likely to cause irreparable injury to the plaintiff by reason of damage to its vehicles, injury to its employees and delay in the performance of its contract."); *United Parcel Serv.*, 421 F. Supp. at 458 (irreparable harm where union's unlawful acts prevented plaintiff from delivering packages to customers and caused "damage and loss to plaintiff's business"); *Washington Post Co. v. Int'l Printing & Graphic Commc'ns Union, Loc. 6*, No. CIV. A. 8972-75, 1976 WL 19366, at *13 (D.C. Super. Ct. June 23, 1976) (irreparable harm where delaying publication and "illegal harassing tactics" created "real likelihood of substantial and irreparable damage" to production of daily publication and employee morale). Loss of goodwill *secondary to unlawful conduct* is grounds for an injunction pursuant to the NL Act. *See San Antonio Cmty. Hosp. v. S. California Dist. Council of Carpenters*, 125 F.3d 1230, 1237–38 (9th Cir. 1997) (irreparable harm because impossible to quantify the degree to which patients avoided using hospital due to the unlawful picket); *Waste Mgmt. of Ne. v. Int'l Bhd. Of Teamsters Local Union 533,* 3:18-CV-00539-LRH-WGC (D. Nev. Nov. 14, 2018), attached to memo as *Ex. A*.

---

[3] Testimony can, and will, be provided on this July 23, 2025 incident.

The showing of irreparable harm for purposes of § 107 is satisfied when a plaintiff provides credible evidence of damage to its goodwill and reputation with the public and with present or potential future customers. *See San Antonio Cmty. Hosp.*, 125 F.3d at 1237–38; *see also BellSouth Telecommunications, Inc. v. MCIMetro Access Transmission Servs., LLC*, 425 F.3d 964, 970 (11th Cir. 2005) (loss of customers on a weekly basis sufficient to show irreparable harm because "'the loss of customers and goodwill is an irreparable injury.'"); *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 19 (1st Cir. 1996) (alienation of future customers and harm to reputation "defy accurate quantification" and "[b]y its very nature injury to goodwill and reputation is not easily measured or fully compensable in damages").

## II.     CONCLUSION

For all of the foregoing reasons, and the reasons set forth in Plaintiffs' Memorandum in Support of Motion for TRO and/or Preliminary Injunction, Plaintiffs respectfully request that this Court grant the injunctive relief prayed for in the Second Amended Verified Complaint.

Respectfully submitted,

**ALLIED WASTE NORTH AMERICA, LLC AND 623 LANDFILL, INC.,**

By their Attorneys,

*/s/ Jillian S. Folger-Hartwell*
Jillian S. Folger-Hartwell (BBO#658240)
LITTLER MENDELSON P.C.
One Financial Plaza, Suite 2205
Providence, RI 02903
Telephone: 401.824.2500
Facsimile: 401.454.2969
jfolgerhartwell@littler.com

Ellen E. Lemire (BBO#670994)
LITTLER MENDELSON P.C.
One International Place, Suite 2700
Boston, MA 02110
Telephone: 617.378.6000
Facsimile: 617.737.0052
elemire@littler.com

Dated: July 25, 2025

## CERTIFICATE OF SERVICE

I, Jillian S. Folger-Hartwell, hereby certify that, on this 25th day of July, 2025, a true copy of the foregoing document was served on the below via email as follows:

Michael Feinberg, Esq.
Michael N. Najjar, Esq.
Nicholas S. Balatsos, Esq.
Feinberg, Dumont & Brennan
177 Milk Street – Suite 300
Boston, Massachusetts 02109
maf@fdb-law.com
mnn@fdb-law.com
nsb@fdb-law.com

*/s/ Jillian S. Folger-Hartwell*
Jillian S. Folger-Hartwell