UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALLIED WASTE NORTH AMERICA, LLC AND 623 LANDFILL, INC., <br><br> PLANTIFFS, <br><br> v. <br><br> INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 25, THOMAS G. MARI, INDIVIDUALLY AND AS PRESIDENT, STEVEN J. SOUTH, AS SECRETARY-TREASURER, JOAN C. COREY, AS VICE PRESIDENT/ BUSINESS AGENT, PETER S. BERRY AS RECORDING SECRETARY, MILTON DEPINA, INDIVIDUALLY AND AS UNION REPRESENTATIVE, NICO CATINO, INDIVUDALLY AND AS UNION TRUSTEE, ERIC LOGAN, INDIVIDUALLY AND AS UNION REPRESENTATIVE, DAVID SMITH, INDIVIDUALLY AND AS UNION REPRESENTATIVE <br><br> and <br><br> JOHN DOES 1-100; AND ALL OTHERS CONSPIRING, ACTING IN CONCERT, OR OTHERWISE PARTICIPATING WITH THEM OR ACTING IN THEIR AID OR BEHALF, <br><br> DEFENDANTS. | CA: No. 1:25-cv-11990-BEM |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S DECISION REGARDING THE SCOPE OF PRELIMINARY INJUCTION HEARING**

## I.   INTRODUCTION

The International Brotherhood of Teamsters Local 25, Thomas G. Mari, Steven J. South, Joan C. Corey, Peter S. Berry, Milton Depina, Nico Catano, Eric Logan, David Smith, and John Does 1-100 (collectively, "Defendants") file this Opposition to Plaintiffs Allied Waste North America, LLC and 623 Landfill, Inc.'s (collectively, "Republic Services," "Republic," or "Company") Motion for Reconsideration of the Court's Decision Regarding the Scope of Preliminary Injunction Hearing ("Plaintiffs' Motion").

In its Motion, Republic seeks, pursuant to Fed. R. Civ. P. 60(b) and the Norris-LaGuardia Act, 29 U.S.C. §§ 107 and 113, that this Court vacates the Order and conducts a testimonial hearing on evidence provided in Plaintiffs' Motion for Temporary Restraining Order/Preliminary Injunction ("Plaintiffs' First Motion").

Plaintiffs, having been unsuccessful on July 21, 2025 in their initial attempt to convince this Court to issue an injunction (despite its filing almost two dozen affidavits in support of the Complaint) and, not satisfied with the Court's ruling, and apparently without regard of the Court's admonition not to submit "cumulative" evidence, now files their Motion for Reconsideration supported by one "event", which, even if true, is cumulative in nature.

For these reasons, and others that are more fully set forth *infra*, Defendants respectfully request that the Court deny Plaintiffs' Motion.

## II.   LEGAL STANDARD

To prevail on a motion for reconsideration, the moving party bears the burden to demonstrate that 1) there has been an intervening change in the law, 2) "new and important evidence," unavailable at the time the previous order was entered, has surfaced or 3) the Court committed a manifest error of law or fact. *Davis v. Lehane*, 89 F. Supp. 2d 142, 147 (D. Mass.

2000); *Caribbean Mgmt. Group, Inc. v. Erikon LLC*, 966 F.3d 35, 44-45 (1st Cir. 2020) (citing *Ira Green, Inc. v. Mil. Sales & Serv. Co.*, 775 F.3d 12, 28 (1st Cir. 2014)).  Mere disagreement with the reasoning or outcome of a prior order is not an adequate basis for reconsideration and a motion for reconsideration cannot be used simply to "regurgitate old arguments previously considered and rejected."  *Ofori v. Ruby Tuesday, Inc.*, 205 F. App'x 851, 852-53 (1st Cir. 2006); *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014) (citing *Global Naps, Inc. v. Verizon New Eng., Inc.*, 489 F.3d 13, 25 (1st Cir. 2007)). The Supreme Court has cautioned that "courts should be loath to do so [grant motion for reconsideration] in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817, 100 L. Ed. 2d 811, 108 S. Ct. 2166 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8, 75 L. Ed. 2d 318, 103 S. Ct. 1382 [1983]).

    Fed. R. Civ. P. 60(b) permits the court to relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

    Relief under Rule 60(b) is "'extraordinary in nature' and, thus, 'motions invoking that rule should be granted sparingly.'"  *Unibank for Sav. v. 999 Private Jet, LLC*, No. 4:18-40134-TSH, 2021 U.S. Dist. LEXIS 47588, at *2-3 (D. Mass. Feb. 3, 2021) (quoting *Fisher v. Kadant, Inc.*,

589 F.3d 505, 512 (1st Cir. 2009) (citations omitted)). The final catchall provision of Rule 60(b)(6) "is appropriate only when none of the first five subsections pertain and cannot be used to circumvent those subsections." *Bronson v. United States*, No. 19-2163 (RAM), 2024 U.S. Dist. LEXIS 225889, *3 (D.P.R. Dec. 11, 2024) (internal quotation marks and citations omitted). "[P]arties may not use Rule 60(b) as a vehicle for making arguments they could have made earlier." *Emigrant Mortg. Co. v. Pinti*, No. 16-11136-MLW, 2019 U.S. Dist. LEXIS 156875, *3 (D. Mass. Sep. 13, 2019) (citing *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006)).

### III.   DISCUSSION

Intrinsic in the Court's July 21, 2025 Order and accompanying commentary in open court is a ruling that, as a matter of law, the nature of the conduct described in Plaintiffs' affidavits, even if taken as true, is insufficient to support the granting of an injunction under the Norris-LaGuardia Act. Further, the Court expressly limited Plaintiffs' ability to refile a motion unless it is supported by affidavits describing alleged conduct of a different character than that contained in the affidavits before the Court. Since Plaintiffs have failed to do so, Defendants necessarily conclude that the Plaintiffs' Motion essentially argues that the Court's Order on July 21, 2025 was wrong. This argument is of no avail under well-established Fed. R. Civ. P. 60(b) law.

A.  <u>Plaintiffs' Disagreement with the Court's Ruling is not Grounds for Reconsideration</u>.

Plaintiffs chose to ignore this Court's clear and unambiguous instruction, "If you tell me that you want to have an evidentiary hearing with live testimony *that goes beyond the scope of what you've already submitted in your papers* I will allow you to do so and we'll do so quickly… But to the extent that the live testimony is going to be *cumulative* of what you've already submitted, I think you can understand what my view is of the facts and the law are based on those facts." *See* Tr. of July 21, 2025 Hearing, at pp.32-33.  (Emphasis added.) This Court warned Plaintiffs not to

4

rely on any additional evidence of the same nature and character as what had already been submitted. The Court clearly forewarned that such "evidence" would not be sufficient to persuade the Court to permit an evidentiary hearing.

The Court's Order did not preclude Plaintiffs from an evidentiary hearing. This Court informed Plaintiffs that, accepting all of the evidence in Plaintiffs' First Motion as true, that did not, as a matter of law, meet the strict standard to warrant a preliminary injunction under Section 107 of the Norris-LaGuardia Act. The Court ruled that Plaintiffs have a right to request an evidentiary hearing, provided however, that Plaintiffs have evidence that goes beyond the scope of what they submitted in Plaintiffs' First Motion.

Plaintiffs have not come forward with any new "evidence" except one unfounded and baseless allegation that a "serious incident occurred this morning [July 23, 2025] at the Revere Facility". In its Reply ("Plaintiffs' Reply"), filed on July 25, 2025, Plaintiffs describe this "serious incident" as "multiple drivers were physically 'body blocked'". Plaintiffs' Reply, p. 3. This alleged incident apparently occurred when replacement drivers ("scabs"), for the first and only time since the picketing began, vacated their van and, in an unsuccessful attempt to provoke the picketers, walked through the picket line without waiting for the police who were in attendance to "open" the line. Again, the police arrested no one on either side because, candidly, there was no cause to do so. In any event, Defendants deny that any "body blocking" occurred but if it had, it would undoubtedly be of the same nature in which this Court already ruled was insufficient as a matter of law to justify an injunction under the Norris-LaGuardia Act.

Since this "incident" is the only "new evidence" required by the Court[1], it appears that Republic's argument in support of reconsideration is its disagreement with the Court's Order. But mere disagreement with the Court's July 21, 2025 Order is not an adequate basis for reconsideration and a motion for reconsideration cannot be used simply to "regurgitate old arguments previously considered and rejected." *Ofori v. Ruby Tuesday, Inc.*, 205 F. App'x 851, 852-53 (1st Cir. 2006); *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014) (citing *Global Naps, Inc. v. Verizon New Eng., Inc.*, 489 F.3d 13, 25 (1st Cir. 2007)).

Furthermore, Plaintiffs' Motion fails to address the elements required to prevail on a motion for reconsideration. Plaintiffs' Motion does not rely any intervening change in the law nor does Plaintiffs' Motion allege the Court committed any manifest error of law or fact. Plaintiffs merely implore the Court to reconsider its ruling without providing any substantial evidence or support. Plaintiffs are simply rehashing arguments previously rejected, and Plaintiffs' Motion regurgitates old arguments which this Court previously considered and rejected. Without doubt, Plaintiffs have failed to meet the elements required to prevail on a motion for reconsideration, and thus, the Court should deny Plaintiffs' Motion.

B. <u>Plaintiffs' Motion is Impermissible under Fed. R. Civ. P. 60(b)</u>.

Plaintiffs' argument that Fed. R. Civ. P. 60(b) supports this Court granting Plaintiffs' Motion is meritless. Plaintiffs argue that because "multiple affiants have experienced ongoing incidents, beyond those described in their affidavits, this Court should expand the scope of an evidentiary hearing." Plaintiffs' Motion p. 5. However, reconsideration of an order pursuant Fed. R. Civ. P. 60(b)(2) involves *newly discovered* evidence that, with reasonable diligence, could not

---

[1] Republic also claims in its Reply that the Revere Police "*conferred with Local 25*" about wait times for exiting vehicles, Plaintiffs' Reply p. 3. With respect to the issue of "wait times" which is prevalent throughout Plaintiffs' Reply and Motion, the Court advised Republic's counsel to take up that issue with the various police departments.

have been discovered at the time. "[P]arties may not use Rule 60(b) as a vehicle for making arguments they could have made earlier." *Emigrant Mortg. Co. v. Pinti*, No. 16-11136-MLW, 2019 U.S. Dist. LEXIS 156875, *3 (D. Mass. Sep. 13, 2019) (citing *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006)). Outside of one baseless and unfounded allegation, all evidence existed at the time of Plaintiffs' First Motion. Plaintiffs filed Plaintiffs' First Motion on July 14, 2025, and had seven (7) days to provide additional information before the hearing on July 21, 2025. Plaintiffs failed to do so and now seek reconsideration by merely reciting facts that were known and discussed in detail in prior pleadings and at the hearing on Plaintiffs' First Motion. Again, mere disagreement with the reasoning or outcome of a prior order is not an adequate basis for reconsideration.

    C. <u>The Norris-LaGuardia Act does not Require a Testimonial Hearing Prior to Denying Injunctive Relief.</u>

Plaintiffs' argument that consideration of a request for an injunction under the Norris-LaGuardia Act requires testimony of witnesses in open court is not accurate. Under Section 107 of the Norris-LaGuardia Act, a court *may only issue* injunctive relief in certain situations where "unlawful acts" have been threatened or committed *after holding a full testimonial hearing in open court* with opportunity for cross examination for "all known persons against whom relief is sought" and "the chief of those public officials of the county and city within which the unlawful acts have been threatened or committed" have received proper notice of the hearing; and the court has issued findings of fact related to five elements. 29 U.S.C. § 107. In other words, a court cannot issue injunctive relief without holding a full testimonial hearing. Section 107 of the Norris-LaGuardia Act does not prohibit a court from denying injunctive relief without conducting an evidentiary hearing. As such, relying on Section 107 of the Norris-LaGuardia Act as the basis of Plaintiffs'

Motion does not support vacating this Order and permitting an extended scope of an evidentiary hearing.

D. <u>Plaintiffs' Reply to Response to Plaintiffs' First Motion addresses a moot issue and raises two new allegations of the same nature as the evidence in Plaintiffs' First Motion.</u>

As a matter of judicial efficiency, Defendants seek to briefly address Plaintiffs' Reply. Defendants contend that Plaintiffs' Reply address a moot issue, as this Court has already ruled on Plaintiffs' First Motion. Plaintiffs, much like their arguments in Plaintiffs' Motion, continue to ignore this Court's clear instruction: the evidence in Plaintiffs' First Motion does not warrant an issuance of injunctive relief. Plaintiffs' Reply does include two new, baseless and unfounded incidents. The first is "as recently as July 22, 2025, Plaintiffs asked police to reduce wait times, but police conferred with Local 25 and decided to continue to deny Republic access to its property." Plaintiffs' Reply p. 3. Plaintiffs have raised this allegation, or similar allegations in nature, several times in Plaintiffs' First Motion. This Court heard that argument and found that it was insufficient to warrant injunctive relief. Secondly, Plaintiffs' Reply alleges on July 23, 2025, multiple drivers were "body blocked." Plaintiffs' Reply p. 4. Defendants vehemently deny this allegation and contend, if true, that this conduct is of the same nature as allegations in Plaintiffs' First Motion.

E. <u>Plaintiff Continues to Fail to Show Irreparable Harm and Inability of Police</u>

Plaintiffs' Motion must establish, in connection with the elements under Fed. R. Civ. P. 60(b), that a substantial and irreparable injury to Plaintiffs' property will be unavoidable unless a temporary restraining order is issued. Plaintiffs' Motion fails to establish this essential element under Section 107 of the Norris-LaGuardia Act. Specifically, Plaintiffs Motion restates their previous arguments on these issues made in Plaintiffs' First Motion. Plaintiffs' Motion pp. 2-3. These exact arguments, previously raised in Plaintiffs' First Motion and made several times during

the July 21, 2025 hearing, were rejected by this Court as insufficient to establish the requirement for an injunction under Section 107. Plaintiffs' Motion also fails to address a key element of Section 107 of the Norris-LaGuardia Act, which this Court spent much time discussing during the July 21, 2025 hearing; namely, the conduct of the police. To establish that injunctive relief is warranted under Section 107 of the Norris-LaGuardia Act, Plaintiffs must show that police are unable or unwilling to provide adequate protection. Plaintiffs' Motion does not make any reference to the conduct of the police.[2] As such, Plaintiffs have failed to show irreparable harm and the police's unwillingness or inability to provide adequate protection, two elements that Plaintiffs must prove to warrant injunctive relief under the Norris-LaGuardia Act.

## IV.    CONCLUSION

For all of the foregoing reasons, Republic's Motion for Reconsideration Regarding the Scope of the Preliminary Injunction Hearing should be denied.

Respectfully submitted,

**ON BEHALF OF THE DEFENDANTS,**

By its attorneys,

**/s/ Michael N. Najjar**

Michael N. Najjar, Esq.
BBO # 713480
Feinberg, Dumont & Brennan
177 Milk Street, Suite 300
Boston, MA 02109
(617) 338-1976
mnn@fdb-law.com

Dated: July 28, 2025

---

[2] Again, this Court mentioned to Plaintiffs that "the remedy should at least in the first instance be to the police rather than to this Court." *See* Tr. of July 21, 2025 Hearing, at p.10.

**CERTIFICATE OF SERVICE**

      I, Michael N. Najjar, hereby certify that this document filed through the Court's CM/ECF system will be sent electronically to the registered participants as indicated in the Notice of Electronic Filing (NEF) and hard copies will be sent by First-Class mail to those identified as non-registered participants.

Date: July 28, 2025                                                    */s/* Michael N. Najjar
                                                                                      Michael N. Najjar, Esq.